Luis Abella Blanco, Petitioner and Appellant, v. Rexford Guy Tugwell, substituted by Jesús T. Piñero, Governor of Puerto Rico, Respondent and Appellee.

No. 9356. Argued November 5, 1946.—Decided December 3, 1946.

Juan B. Soto for appellant. Luis Negrón Fernández, Acting Attorney General (E. Campos del Toro, Attorney General, on the brief), and J. Rivera Barreras, Deputy Attorney General, for appellee.

Mr. Justice de Jesús delivered the opinion of the court.

The Governor of Puerto Rico, after preferring charges and holding a hearing, removed appellant from his position of Registrar of Property of Caguas. The registrar filed in the lower court a petition for mandamus against the Governor, which was dismissed on the ground that it did not state facts sufficient to constitute a cause of action. It was asserted in the petition and admitted by the respondent in his answer that the ground for removal was an alleged violation of the "Act Assigning Salaries to the Registrars of Property and for Other Purposes," Laws of 1904, p. 154. Relying on this admitted fact, the registrar maintained in the court a quo and argues in this court that the Governor lacks power to remove him in the present case, and rests on §§ 28 and 30 of the aforesaid Act which provide:

"Section 28.—Any registrar of property convicted of having violated, in whole or in part, the provisions of this Act, shall be fined

from one hundred dollars to two hundred dollars for the first offense, from two hundred dollars to five hundred dollars for the second offense, and shall be dismissed from his position if he commits a third offense.

"Section 30.—The Governor of Porto Rico shall order the dismissal of any registrar *who, according to the provisions of this Act,* has been found liable to the penalty of dismissal." (Italics ours.)

The Governor accepts that if he had followed the procedure prescribed in the Act Assigning Salaries to the Registrars and for other purposes, he would not have been able to remove the registrar until the latter had committed the third offense; but urges that, irrespective of this special Act, his power to remove him springs from § 53 of the Political Code,[1] provided he prefers charges and gives him an opportunity to be heard and defend himself.

██ The Act Assigning Salaries to the Registrars, etc., is a special Act and treats exclusively of registrars of property. Section 28 thereof, as we have seen, expressly fixes the penalty that may be imposed for a violation thereof. Those and none others are the only penalties prescribed by the Legislature for such violations.[2] Of course, the Governor may not follow, at his pleasure, the remedy he chose in this case, thereby turning into dead letter the provisions of the special Act. While that law is in force, registrars can not be removed for a violation thereof, unless they have been convicted of a third offense.

Section 53 of the Political Code is a general law; but when there is a special law applicable to the registrars, they should not be considered within the purview of the general law upon violating the provisions of the special Act. Simi-

---

[1] Section 53 of the Political Code provides:

"Removal of officers. The Governor shall have power to remove any officer whom he may appoint, and he may declare the office vacant, and fill the same in the manner provided by law."

[2] Pursuant to § 29 of said Act, the court having jurisdiction to impose those penalties is the district court of the district where the office of the registrar is situated.

larly, § 53 is inapplicable to those officers for whose removal the law has established a special proceeding.[3]

The Governor's contention that his power to remove the appellant also flows from § 308 of the Mortgage Law is clearly untenable. Section 308, like all those contained in Title X of the Mortgage Law—which comprises §§ 297 to 312, inclusive—has been substituted by the Act Assigning Salaries to the Registrars and for other purposes [4] and consequently is not in force.

Without prejudging the merits of the case, petitioner being charged with a first violation of the Act Assigning Salaries to the Registrars, etc., without having followed the procedure prescribed by said Act, the judgment of the lower court should be reversed and a peremptory writ of mandamus shall be issued against Hon. Jesús T. Piñero, Governor of Puerto Rico, as successor of Rexford G. Tugwell, directing him, in his capacity as Governor of Puerto Rico, to reinstate Luis Abella Blanco in the position of Registrar of Property of Caguas retroactively to August 17, 1945, at which time he was suspended from work and pay, and further directing him to pay his salaries accrued from the time of his suspension at the rate of $3,500 a year.

Mr. Justice Snyder did not participate herein. .

ON MOTION FOR RECONSIDERATION
December 10, 1946.

---

[3] An example of these special acts is Act No. 58 of 1930, which establishes a proceeding for the removal of the district judges.

[4] Professor L. Muñoz Morales, in his work "*Texto Revisado de la Ley Hipotecaria de Puerto Rico y su Reglamento*", page 83, upon referring to said Title X, states:

"Except the first subdivision which we have just copied from section 297, the whole contents of said Title X comprising sixteen sections should be omitted inasmuch as today they are inapplicable and have been susbtituted by several sections of the Act 'Assigning Salaries to Registrars of Property and for Other Purposes,' approved March 10, 1904, and subsequent amendments . . . "

654

MR. JUSTICE TODD, JR., delivered the opinion of the court.

Appellee seeks the reconsideration of the judgment rendered in this case: 1st., because the case was decided in the lower court on the special defense that the petition did not state facts sufficient to constitute a cause of action alleged by the defendant, and that since it was held by this court that the complaint was sufficient, we should remand the case to the court of origin for further proceedings and, 2nd., that since in our judgment it was ordered that petitioner be paid the salary which he had failed to receive since his suspension, the lower court should pass upon the exact amount to be paid and the Auditor of Puerto Rico, who has not been party in this proceeding, should be given an opportunity to determine the exact amount that should be paid to petitioner, and in support thereof he cites *McLeod, Auditor* v. *District Court,* 47 P.R.R. 318.

It is true that respondent in his answer to the petition alleged the aforesaid special defense, however, at the same time he expressly admitted in his answer the essential facts alleged in the petition and specially the main fact, number four, that the removal of the petitioner was grounded on an alleged violation of "An Act Assigning Salaries to the Registrars of Property and for other purposes," thereby

limiting the issue to a question of law as to whether the proceeding followed by respondent for the removal was authorized by said Act. As we stated in our original opinion, respondent himself accepted that if he had followed the proceeding established by said Act he would have been unable to remove the petitioner until the latter had committed a third offense. Therefore, respondent's admission relieves plaintiff from the burden or proving the facts thus admitted and the court having decided the issue against the respondent, the proper thing to do was to render the judgment that should have been entered by the lower court.

We cannot accept the limitation which respondent now wishes to make to the scope of his own admissions, inasmuch as every case should be decided according to the pleadings and the record itself.

 As to the intervention that respondent believes should be given the Auditor of Puerto Rico in this proceeding, he is wrong. The salary to which petitioner was entitled is fixed by law and the computation of that which he failed to receive depends on a simple arithmetical operation. The Auditor of Puerto Rico is not a necessary party to proceedings of this nature.

The case of *McLeod, Auditor* v. *District Court, supra,* cited by the appellee, merely decides that a person who has not been a party to a mandamus proceeding may not be punished for violating the order of the court. Nevertheless, the same case establishes the remedy available to petitioner if the Auditor should refuse to pay his salary, that is, a mandamus proceeding.

The motion for reconsideration is denied.

Mr. Justice Snyder did not participate herein.

ON RECONSIDERATION *

February 3, 1947.

---

* At the hearing, Attorney Cayetano Coll y Cuchí appeared as *amicus curiae.*

Mr. Justice Todd, Jr., delivered the opinion of the court.

For the third time appellee seeks the reconsideration of the judgment rendered in this case on December 3, 1946. For the first time he admits that this judgment "is warranted and justified by the situation reproduced in the pleadings" and accepts "that there was an error in the pleadings" but invokes the discretion of this court "to grant permission to correct said error so that it should not be perpetuated by a decision of the court," and prays that "in order to avoid miscarriage of justice and to avoid that a judicial error should be perpetuated, this case, since it was not decided on the merits by this court, and since this court did not declare Luis Abella Blanco innocent of the charges preferred against him, be remanded to the court of origin in order that, *if necessary, the petitioner should have the opportunity to amend his*

*answer in order that the true and real facts of the case be tried in the court and full justice be done to the parties."* (Italics ours.)

Appellee bases his petition on an affidavit of merits, executed by him, and on § 306 of the Code of Civil Procedure which provides that: "When the judgment, order or decree of the court below shall be reversed, the court shall proceed to render such judgment, order or decree as the court below should have rendered, *except when it is necessary that some matters of facts be ascertained,* or the damage to be assessed or *the matter to be decreed is uncertain, in any of which cases the cause shall be remanded for a new trial in the court below."* (Italics ours.) In support of his petition appellee cites *Frías* v. *Rodríguez,* 14 P.R.R. 141; *Zapata* v. *Caribbean Casualty Co.,* 38 P.R.R. 618; *Martínez* v. *American Railroad Co.,* 19 P.R.R. 925; *Caneja* v. *The People,* 12 P.R.R. 237; *Rivera et al.* v. *Tibot et al.,* 11 P.R.R. 531; *Sosa* v. *The American Railroad Co. of Porto Rico,* 12 P.R.R. 230; *Cepeda* v. *Andino,* 12 P.R.R. 190; *Dapena* v. *Estate of Dominicci,* 12 P.R.R. 64; *Alcaide* v. *Morales,* 28 P.R.R. 258.

In a majority of these cases, upon reversing the judgment of the lower court, we remanded the case for a new trial on the ground that evidence which should have been admitted was excluded or because the evidence introduced in connection with the damages sought was ambiguous and the situation of facts had to be cleared up.

In *Dapena* v. *Estate of Dominicci, supra,* although a trial was held, upon reversing the judgment and remanding the case for a new trial, we stated the following at page 69:

"But inasmuch as on another trial other allegations may be made, *both in the complaint and the answer, making the same more specific and raising all the points involved in the case,* and the facts and evidence being very meagre, no judgment should be rendered by this court finally disposing of the case." (Italics ours.)

In *Sosa* v. *The American Railroad Co. of Porto Rico, supra,* the lower court dismissed a complaint for damages

on a demurrer for insufficiency. We reversed the judgment and applying § 306 we remanded the case to the court below "for review, in such sense as it may consider proper under the law."

As we have said, appellee attached to his petition an affidavit of merits. In it he sets forth the facts which appear in the "administrative record, which he has in his possession, of Luis Abella Blanco, Registrar of Property of Caguas," in relation to the preferment of charges made against him, and the proceedings held subsequently thereto which culminated in the removal of appellant herein from said position.

We agree with appellant in his motion that said affidavit of merits should be stricken from the record. We should not decide the question raised in this petition except on the facts appearing in the record, just as we had it under our consideration when judgment was rendered since we are not authorized to accept aliunde evidence in an appeal.

■■ Limiting ourselves to the question raised, we have solely to decide whether we should exercise our discretion by applying liberally the provisions of § 306, *supra,* to the facts of this case such as they appear from the pleadings and remand the case to the lower court.

Appellee maintains that notwithstanding the fact that he admitted in his answer the averment contained in the fourth paragraph of the petition for mandamus, to the effect that the charges preferred by the Governor against petitioner "implied" a violation of the Act of 1904 assigning salaries to the registrars of property, this averment is not an affirmation that the charges were preferred for a violation of said Act but that it was a mere conclusion of law that they "implied" such violation; that even if it were held that said averment is a correct allegation of facts and not a conclusion of law and that appellee is bound by his acceptance of said paragraph 4, this acceptance could have been made through error, inadvertence or for any other reason, and that the true facts do not appear from said allegation and acceptance,

and it is for this reason that he prays that the case be remanded to the lower court in order that appellant if necessary, should have an opportunity to amend his answer in order that the proceedings should deal with the real and true facts of the case.

Appellant contends, in opposition thereto, that this court has already decided this question in its original opinion as well as in the motion for reconsideration and that, in any event, to remand the case to the lower court "would be futile and would only serve to delay the action of justice and to encourage a multiplicity of suits and unduly prolong this action," inasmuch as "no matter the charges made against plaintiff-appellant, the proceedings held for the removal, are irregular and, therefore, void, inasmuch as if those charges constitute a violation of the Act Assigning Salaries to the Registrars of Property, it is necessary to apply the provisions contained in §§ 28, 29 and 30 of said Act; and if said charges constitute a felony, as alleged by respondent and appellee, the procedure to be followed is the one established by subdivision 8 of § 208 of the Political Code." [1]

Appellant further argued at the hearing that before appellee's petition could prevail, it would have to be decided that a registrar may be removed from his position for causes different from those enumerated in the Act of 1904, that is, under the provisions of §§ 53 and 208 of the Political Code.

As to this last contention we already held in the original opinion rendered in this case that "Section 53 of the Political Code is a general law; but when there is a special law applicable to the registrars, they should not be considered within the purview of the general law *upon violating the provisions of the special Act.*" (Italics ours.) This same rule is ap-

---

[1] This Section provides that: "An office becomes vacant on the happening of any of the following events before the expiration of the term: . . . 8.—His conviction of a felony or of any offense involving moral turpitude, or a violation of his official duties." Subdivision 4 of the same Section states: "His removal from office."

plicable to the provisions of subdivisions 4 and 8 of § 208 of the Political Code, *supra*. Nevertheless, the question in controversy, precisely, is whether the charges which gave rise to the removal of appellant constituted a violation of the special Act of 1904, as appellant alleged that they "implied," a fact which was admitted by the appellee in his answer, or whether, as maintained by appellee, said charges included, besides a violation of Act of 1904, violations of the Penal Code which constitute felonies.

We have carefully read the petition for mandamus and the answer thereto, and although we insist on our conclusion set forth in the opinions previously rendered in this case in connection with the admission made by respondent of the fourth averment of the petition, we believe that respondent's answer to other facts alleged in the petition, contains denials which, although imperfectly set up, could be construed, with a view to substantial justice, pursuant to the provisions of Rule 8(*f*) of the Rules of Civil Procedure, in the sense that they established a controversy and that if they were not so construed respondent could, under Rule 15 of those same rules, amend his pleading, with leave of the court, inasmuch as said rule provides that: ". . . leave shall be freely given when justice so requires."

If in the case of *Dapena* v. *Estate of Dominicci, supra,* where we applied § 306 of the Code of Civil Procedure, upon reversing a judgment after trial in the lower court, we remanded the case stating that other allegations may be made "both in the complaint and the answer, making the same more specific and raising all the points involved in the case;" if the new Rules of Civil Procedure provide that the pleading should be construed with a view to substantial justice or that leave shall be freely given when justice so requires; and, lastly, if the modern tendency is that suits should be decided on their merits and not on a mere technicism or, as Judge Cardozo stated, referring among other things, to the liberal construction of the pleadings in civil cases: "The law has outgrown

its primitive stage of formalism when the precise word was the sovereign talisman, and every slip was fatal,"[2] we are of the opinion that the ends of justice are better served in this case, without it meaning any harm to appellant, should the averments of his petition for mandamus, to the effect that the charges preferred were exclusively for a violation of the Act of 1904, be true, by giving respondent and appellee the opportunity, which he now seeks, of presenting this question to the lower court or of amending his answer, the case to be heard and decided on its merits, if said court deems it proper.

Consequently, the judgment rendered in this case on December 3, 1946, will be set aside and another rendered instead reversing the decision entered by the lower court on March 12, 1946; and the case will be remanded to said court for further proceedings.

[2] Cardozo, The Nature of Judicial Process, p. 100 *et seq.*, cited at lenght in *Crédito y Ahorro Ponceño* v. *Beveraggi,* 55 P.R.R. 629, 636.